IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD

**CECIL W. CHANDLER, III,**

      **Petitioner,**

v.                                                                                  Case No. 1:15-cv-08528

**BARBARA RICKARD, Warden,**
**FCI McDowell,**[1]

      **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is the petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1). This matter is assigned to the Honorable David A. Faber, Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** the petitioner's section 2241 petition (ECF No. 1) and this civil action for lack of jurisdiction.

## BACKGROUND AND PETITIONER'S CLAIMS

### A.   The petitioner's conviction and direct appeal.

On January 6, 2000, the petitioner was convicted by a jury in the United States District Court for the District of Kansas of two counts of aiding and abetting a conspiracy to possess with intent to distribute in excess of 50 grams of cocaine base, in violation of

---

[1] The proper respondent in a habeas corpus matter is the petitioner's custodian. The current Warden at FCI McDowell is believed to be Barbara Rickard. Accordingly, the Clerk is directed to modify the docket sheet to reflect that Barbara Rickard is the proper respondent herein, both in the style of the case and the short style at the top of the docket sheet.

21 U.S.C. §§ 841 and 846, and 18 U.S.C. § 2. (*United States v. Chandler*, No. 99-cr-40044-01 (D. Kan. Jan. 6, 2000). On April 27, 2000, the petitioner was sentenced to concurrent terms of 360 months in prison, followed by a term of supervised release of 10 years. (*Id.*, Judgment, ECF No. 67).[2]

The United States Court of Appeals for the Tenth Circuit affirmed his judgment on March 1, 2001. *United States v. Chandler*, No. 00-3130 (10th Cir. March 1, 2001) (unpublished). On October 1, 2001, the Supreme Court denied the petitioner's petition for a writ of certiorari. *Chandler v. United States*, No. 00-10329 (U.S. Sup. Ct. Oct. 1, 2001).

### B. The petitioner's section 2255 motions.

On September 26, 2002, the petitioner filed a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 in the United States District Court for the District of Kansas. *Chandler v. United States*, No. 5:02-cv-03313 (D. Kan. Sept. 26, 2002). On September 16, 2003, the Kansas District Court denied the petitioner's section 2255 motion. *Chandler v. United States,* 291 F. Supp.2d 1204 (D. Kan. 2003). The petitioner unsuccessfully appealed the denial of his section 2255 motion to the Tenth Circuit, which denied a certificate of appealability on June 24, 2004. *United States v. Chandler*, No. 03-3333 (10th Cir. June 24, 2004).

On July 19, 2005, the petitioner filed a motion to vacate sentence under Rule 60(b), which was construed as a section 2255 motion. On August 31, 2005, the Kansas District Court transferred the motion to the Tenth Circuit as a petition for authorization to file a

---

[2] On February 27, 2015, the United States District Court for the District of Kansas granted the petitioner's Motion to Reduce Sentence under 18 U.S.C. § 3582(c) based upon Amendment 782 of the United States Sentencing Guidelines, and reduced the petitioner's term of imprisonment to 324 months. (*Id.*, ECF No. 142, eff. Nov. 1, 2015).

2

second or successive section 2255 motion. On November 1, 2005, the Tenth Circuit dismissed the petition for authorization and the Kansas District Court dismissed the motion for lack of jurisdiction. *Chandler v. United States*, No. 04-3342 (10th Cir. Nov. 1, 2005).

On April 9, 2007, the petitioner filed another motion which was construed as a section 2255 motion by the district court and transferred to the Tenth Circuit for authorization. The petitioner was again denied authorization to file a second or successive section 2255 motion by the Tenth Circuit on June 29, 2007, and the Kansas District Court denied the motion for lack of jursidiction. *Chandler v. United States*, No. 07-3108 (10th Cir. June 29, 2007).

### C.    The petitioner's present section 2241 petition.

On June 26, 2015, the petitioner filed the instant section 2241 petition (ECF No. 1) and a Memorandum of Law in support thereof (ECF No. 2). In the instant petition, the petitioner resentencing because he was sentenced under a mandatory sentencing guideline scheme, and he asserts that, were his sentencing court to resentence him under an advisory guideline scheme, he would receive a lesser sentence. The petitioner solely relies on the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 245 (2005).

Because it plainly appears that the petitioner is not entitled to the relief requested in this court, the undersigned has not required the respondent to answer the petition.

## ANALYSIS

### A.    The petitioner is not entitled to relief under section 2241.

The petitioner's claim clearly challenges the validity of his sentence, and not the manner in which the sentence is being executed. Motions under 28 U.S.C. § 2255 are the

primary remedy for testing the validity of federal judgments and must be filed in the court of conviction, which, in this case, is the United States District Court for the District of Kansas. Normally, a section 2255 motion filed in a court other than the sentencing court should be transferred to the sentencing court. However, the petitioner has already unsuccessfully filed a section 2255 motion, and he has twice been denied authorization to file a second or successive section 2255 motion by the United States Court of Appeals for the Tenth Circuit.

28 U.S.C. § 2241 is generally used to address matters concerning the execution of a federal sentence, and is not an additional, alternative or supplemental remedy to that provided in section 2255, unless the petitioner can show that the remedy under section 2255 is inadequate or ineffective to test the legality of the petitioner's detention. *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) ("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."). *In re Jones* relies upon the statutory language presently found in 28 U.S.C. § 2255(e), which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

This section is known as the "savings clause." The fact that relief under section 2255 is procedurally barred does not render such remedy inadequate or ineffective to test the legality of the petitioner's detention. *Id.* at 332.

Thus, before considering the petitioner's section 2241 petition on its merits, the court must first determine whether the remedy under section 2255 is inadequate or

4

ineffective to test the legality of the petitioner's detention in order that he may pursue such relief under section 2241.  The United States Court of Appeals for the Fourth Circuit has established a three-factor analysis for making this determination.  The remedy under section 2255 is inadequate or ineffective when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the petitioner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d at 333-334.[3]

The savings clause contained in section 2255(e) cannot be used to circumvent the stringent gatekeeping requirements and procedural bars of section 2255.  Thus, the fact that the petitioner's prior section 2255 motion was denied does not make section 2255 inadequate or ineffective to test the legality of the petitioner's detention and will not permit this court to review his claims under section 2241.

Furthermore, the petitioner cannot satisfy the savings clause criteria.  He does not assert that there has been a <u>substantive</u> change in the law that makes the conduct of which he has been convicted no longer criminal.  Additionally, although the petitioner relies

---

[3] On March 28, 2018, a three-judge panel of the Fourth Circuit issued an opinion in *United States v. Wheeler*, No. 16-6073, 2018 WL 1514418 (Mar. 28, 2018), which extended the application of the savings clause to sentencing challenges and revised the *Jones* test with respect to such challenges to include the following factors: "(1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect."  *Id.* at *10.  On May 11, 2018, the United States filed a petition for rehearing en banc in *Wheeler* and the Fourth Circuit has stayed the mandate therein pending a ruling on that motion.  The *Wheeler* panel opinion therein specified that "there is no doubt that *Jones* is still good law in this circuit."  *Id.* at *8.  Regardless of whether the District Court relies on *Jones* or *Wheeler*, the petitioner is not entitled to relief under section 2241 because the case law on which he relies is not a substantive decision that has been made retroactively applicable on collateral review.

upon *United States v. Booker*, 543 U.S. 220 (2005),[4] which was decided after his sentencing and his direct appeal, that decision, likewise, did not result in a substantive change in the law that makes the petitioner's federal conviction invalid. *See, e.g., Coleman v. United States*, 191 F. App'x 215 (4th Cir. July 26, 2006) (*Booker* claim did not meet criteria of *In re: Jones* in order to bring claim under section 2241); *San-Miguel v. Dove*, 291 F.3d 257 (4th Cir. 2002) (affirming dismissal of section 2241 petitions based on *Apprendi* type claims); *see also Outler v. McFadden*, 154 F. App'x 754 (11th Cir. 2005); *Thomas v. Smith*, 179 F. App'x 865 (3rd Cir. 2006) (*Booker* was procedural rule that does not apply retroactively on collateral review and did not invalidate crimes for which petitioner was convicted and, thus, petitioner cannot use section 2241 to challenge his sentence).

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the petitioner has failed to demonstrate that section 2255 is inadequate or ineffective to test the legality of his detention and, thus, his claim is not proper for consideration under 28 U.S.C. § 2241. Therefore, the undersigned further proposes that the presiding District Judge **FIND** that this court lacks jurisdiction to review the petitioner's claim contained in his section 2241 petition.

Moreover, while this court could construe the petitioner's petition as section 2255 motion and transfer it to his court of conviction, such action would be futile because such a motion would be an unauthorized second or successive motion. The petitioner's claim that he was sentenced pursuant to a mandatory guidelines scheme that has been made

---

[4] *Booker* reaffirmed the Supreme Court's holding in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), applied the holding in *Blakely v. Washington,* 542 U.S. 296 (2004) to the United States Sentencing Guidelines, and held: "Any fact (**other than a prior conviction**) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." 543 U.S. at 244 (emphasis added).

advisory after *Booker* does not give rise to relief that can be retroactively applied on collateral review. *See, e.g., United States v. Hadden,* 475 F.3d 652 (4th Cir. 2007); *Humphress v. United States*, 398 F.3d 855 (6th Cir. 2005) (*Booker* is not retroactively applicable to cases on collateral review). Thus, the petitioner would not be entitled to any relief on that claim either. Therefore, treating the petition as a section 2255 motion and transferring it to the court of conviction would likely be futile.

### **RECOMMENDATION**

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** the petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF Nos. 1) and this civil action for lack of jurisdiction.

The petitioner is notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, the petitioner shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140

(1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). A copy of such objections shall be served on Judge Faber.

The Clerk is directed to file this Proposed Findings and Recommendation and mail a copy of the same to the petitioner.

<u>May 14, 2018</u>

Dwane L. Tinsley
United States Magistrate Judge